IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DO NO HARM, a nonprofit corporation incorporated in the State of Virginia,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana,<br><br>Defendant. | No. 5:24-cv-00016<br><br><br>**COMPLAINT** |

## INTRODUCTION

1. The Louisiana State Board of Medical Examiners regulates, licenses, and investigates doctors to ensure they meet the high standards of the profession. Physicians serving on the Board are required to have been licensed for at least five years and have resided in Louisiana for no less than six months. There is also one consumer member that sits on the board. Outside of the bona fide qualifications that the statute mandates for both Board positions, in appointing members to the Board, the Governor must consider a factor entirely outside the control of the potential Board members—their race.

2. Such blatant racial discrimination against individuals who could sit on Louisiana's Board of Medical Examiners serves no legitimate government purpose. It is demeaning and unconstitutional.

3. Plaintiff Do No Harm is an organization of over 6,000 medical professionals, students, and policymakers dedicated to eliminating racial

1

discrimination in healthcare. Do No Harm has members who are Louisiana physicians as well as members who would qualify for appointment to the consumer slot but for their race. It brings this lawsuit on behalf of itself and its members to ensure that every doctor and qualifying public consumer in Louisiana has the equal right to serve on the Board, and to ensure that the people of Louisiana are regulated by a Board that is not selected on the basis of race.

## JURISDICTION AND VENUE

4. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over these federal claims under 28 U.S.C. § 1331 (federal question), and § 1343(a)(3) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred and continue to occur in this district.

## PARTIES

6. Plaintiff Do No Harm is a national nonprofit corporation headquartered in Glen Allen, Virginia. It is a membership organization of over 6,000 medical professionals, students, policymakers, and other interested members of the general public. Its mission is to protect healthcare from a radical, divisive, and discriminatory ideology. Do No Harm's membership includes one or more individuals that are licensed physicians actively engaged in the practice of medicine for at least five years,

2

that have resided in Louisiana for at least six months, and which have not been placed on probation by the Board nor been convicted of any felonies. Do No Harm's membership also includes one or more members that are at least eighteen years of age, have never been convicted of a felony, have resided in Louisiana for more than a year, have never been licensed by any of the licensing boards identified in La. Stat. § 36:259(A), do not have a spouse licensed by a board identified in La. Stat. § 36:259(A), and which do not have and have never had a material financial interest in the healthcare profession.

7. Defendant John Bel Edwards is the Governor of the State of Louisiana. Governor Edwards is required by Louisiana law to make all appointments to the Board of Medical Examiners and to consider the race of potential appointees when making those appointments. La. Stat. § 37:1263(B). Governor Edwards is sued in his official capacity.

## FACTUAL ALLEGATIONS

**The Board of Medical Examiners**

8. The Board of Medical Examiners was created in 1894 to regulate the practice of medicine in Louisiana.

9. The Board's mission is to protect and improve the health, safety, and welfare of the citizens of Louisiana, and it is responsible for licensing, regulating, and disciplining physicians and allied health professionals in a manner that protects "the rights and privileges of the licensees."

10. The Board is comprised of ten voting members appointed by the Governor and subject to Senate approval. Of these ten seats, nine must be filled by physicians and one by a member of the public.

11. All nine physician members of the Board must be residents of Louisiana for at least six months, licensed and in good standing to engage in the practice of medicine in Louisiana, actively engaged in the practice of medicine, not been convicted of a felony, not been placed on probation by the Board, and have had at least five years of experience in the practice of medicine in Louisiana. La. Stat. § 37:1263(C).

12. In addition to these requirements, the nine physicians are also recruited from varying backgrounds: (a) two must be appointed from a list of names submitted by the Louisiana State Medical Society, with one of these members practicing in a parish or municipality with a population of less than twenty thousand people (La. Stat. § 37:1263(B)(1)); (b) one member appointed from a list of names submitted by the Louisiana State University Health Sciences Center at New Orleans (La. Stat. § 37:1263(B)(2)); (c) one member appointed from a list submitted by the Louisiana State University Health Sciences Center at Shreveport (La. Stat. § 37:1263(B)(3)); (d) one member appointed from a list of names submitted by Tulane Medical School (La. Stat. 37:1263(B)(4)); (e) two members appointed from a list submitted by the Louisiana Medical Association (La. Stat. § 37:1263(B)(5)); (f) one member from a list submitted by the Louisiana Academy of Family Practice Physicians (La. Stat.

§ 37:1263(B)(6)); and (g) one member appointed from a list submitted by the Louisiana Hospital Association.

13.     The consumer member of the board must be a citizen of the United States, a resident of Louisiana for at least one year immediately prior to appointment, have attained the age of majority, have never been licensed by any of the licensing boards identified in La. Stat. § 36:259(A), not have a spouse that has ever been licensed by a board identified in La. Stat. § 36:259(A), never been convicted of a felony, and not have or ever had a material financial interest in the healthcare profession. La. Stat. § 37:1263(C)(2).

14.     In 2018, the Louisiana legislature enacted legislation that directed the Governor to also comply with a racial mandate when making appointments to the Board. La. Stat. § 37:1263(B).

15.     Pursuant to this racial mandate, "at least every other member … shall be a minority appointee" in regard to three of the physician seats as well as the public consumer seat. La. Stat. § 37:1263(B).

16.     The legislative record contains no discussion of racial discrimination, statistics, or any other alleged governmental interest that formed the basis for the racial mandate for appointments to the Board.

17.     Because of the racial mandates imposed by La. Stat. § 37:1263(B), Governor Edwards must ensure that "at least" two of the seats with a racial mandate are filled by "minority" candidates during the next appointment cycle.

18. Do No Harm has physician and consumer members who are qualified, willing, and able to be appointed to the Board if the racial mandate is enjoined.

19. The racial mandate prevents these members from equal consideration for appointment to the Board.

## Cause of Action

### La. Stat. § 37:1263(B) Violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution

20. Plaintiff hereby realleges and incorporates by reference the allegations contained in all preceding paragraphs.

21. Under the Fourteenth Amendment to the United States Constitution, "[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

22. La. Stat. § 37:1263(B) requires the Governor to consider and make decisions on the basis of the race of potential board members when making appointments to the Board of Medical Examiners.

23. Governmental classifications on the basis of race violate the Equal Protection Clause unless they are narrowly tailored to a compelling governmental interest.

24. The racial mandate in La. Stat. § 37:1263(B) does not serve a compelling governmental interest.

25. The racial mandate in La. Stat. § 37:1263(B) does not remediate any specific instances of racial discrimination that violated the Constitution or statutes.

26. Even if the racial mandate in La. Stat. § 37:1263(B) served a compelling governmental interest, it is not narrowly tailored to remediating past, intentional discrimination.

27. The racial mandate in La. Stat. § 37:1263(B) stereotypes individuals on the basis of race, treats all individuals of different races as fungible, mandates racial quotas, requires racial balancing, has no "good faith exception," and has no end date.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. A declaration that the racial mandate in La. Stat. § 37:1263(B) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

2. A permanent prohibitory injunction forbidding the Governor and his agents from enforcing, or attempting to enforce, the racial mandates in La. Stat. § 37:1263(B);

3. An award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

4. Such other relief as the Court deems just and proper.

DATED: January 4, 2024.

    Respectfully submitted,

    <u>s/ James Baehr</u>
    James S. C. Baehr, La. Bar No. 35431
    *Local Counsel*
    BAEHR LAW
    609 Metairie Rd, #8162
    Metairie, LA 70005
    Telephone: (504) 475-8407
    Fax: (504) 828-3297
    james@baehr.law

    Laura M. D'Agostino, Va. Bar No. 91556*
    *Trial Attorney*
    PACIFIC LEGAL FOUNDATION
    3100 Clarendon Boulevard, Suite 1000
    Arlington, VA 22201
    Telephone: (202) 888-6881
    Fax: (916) 419-7747
    LDAgostino@pacificlegal.org

    Caleb R. Trotter, Cal. Bar No. 305195*
    PACIFIC LEGAL FOUNDATION
    555 Capitol Mall, Suite 1290
    Sacramento, CA 95814
    Telephone: (916) 419-7111
    Fax: (916) 419-7747
    CTrotter@pacificlegal.org

    *Attorneys for Plaintiff*

    **Pro Hac Vice forthcoming*