UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DO NO HARM                                        CASE NO. 5:24-CV-00016

VERSUS                                              JUDGE EDWARDS

JOHN BEL EDWARDS                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is the Objection to Memorandum Order Compelling Production (R. Doc. 25) ("Magistrate Appeal") filed by the Defendant, Governor Jeff Landry. The Governor seeks the reversal of the Memorandum Order issued by Magistrate Judge Hornsby (R. Doc. 24), wherein he granted in part and denied in part the Motion to Compel filed by the Plaintiff, Do No Harm (R. Doc. 20). After a thorough review of the record and for the reasons set forth herein, the Court finds that the Magistrate Judge's ruling was not clearly erroneous or contrary to law. Accordingly, the Memorandum Order is **AFFIRMED**.

The Plaintiff brought this suit to challenge the constitutionality of La. R.S. 37:1263(B), which it argues imposes a racial mandate on the Governor when making appointments to the Louisiana Board of Medical Examiners (the "Board"). At issue in this Magistrate Appeal is the Magistrate Judge's Order requiring the Governor to supplement his responses to the Plaintiff's discovery requests by obtaining information from the Board and the Louisiana State Archives. The Governor argues, among other things, that the Magistrate Judge clearly erred in deciding that the Governor had the "legal right and practical ability" to obtain the documents from the

state archive.[1] In response, the Plaintiff asserts that the Governor "makes no substantive argument," but that the Governor merely disagrees with the Magistrate Judge that it would be easier for him to obtain the materials from the archive (R. Doc. 28 at 4).

All discovery matters have been referred to the Magistrate Judge in accordance with 28 U.S.C. §636(b)(1)(A) and Standing Order 3.112 of this Court. Under Rule 72(a) of the Federal Rules of Civil Procedure, a party may appeal a magistrate judge's order on a referred matter to the district judge. The district judge may set aside the magistrate judge's order when it is "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A). On discovery matters, magistrate judges are "afforded great discretion." *Albermarle Corp v. Chemtura Corp.* 2008 WL 11351528, *1 (M.D. La. Apr. 22, 2008) (citing Merrit *v. International Bro. of Boilermakers*, 649 F.2d 1013 (5th Cir. 1981)). Under a "clearly erroneous or contrary to law" standard of review, district courts "shall affirm the decision of the magistrate judge unless, based on all the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake." *Progressive Waste Solutions of La, Inc. v. Lafayette Consolidated Government*, 2015 WL 222392, *2 (W.D. La. Jan. 14, 2015). "A party is not entitled to raise new theories or arguments in its objections [to the magistrate judge's order] that the party did not present before a magistrate judge." *Fulford v. Transport Service Co.,* 2004 WL 744875, *2 (E.D. La. Apr. 2, 2004) (citing *Cupit v. Whitley,* 28 F.3d 532, 535 (5th Cir. 1994)).

---

[1] The Governor does not raise an objection to the Magistrate Judge's finding pertaining to his obligation to retrieve materials from the Board. Accordingly, that finding stands.

Here, the Governor has not "overcome [the] high hurdle" required for the Court to reverse the Magistrate Judge's ruling. *Fulford,* 2004 WL 744875, *2. The Governor's opposition to Plaintiff's motion to compel and the instant appeal make clear that the materials in the state archive are "equally" available to both parties. (R. Doc. 22 at 3; R. Doc. 25 at 7). Further, the assertion that state constitutional and statutory law constitute "boundaries" which deny the Governor practical access to the documents is unsupported by the record. The fact that the state archive is the custodian of the records, without more, does not mean that those records are beyond the Governor's legal and practical reach.

The Governor has not shown clear error in the Magistrate Judge's findings that he has the "legal right and practical ability" to obtain the records or that it would be easier for the him to obtain the records. The arguments made by the Governor concerning various privileges (attorney-client, work product, executive, deliberative process) and undue burden are waived because they were not presented to the Magistrate Judge. Accordingly,

**IT IS ORDERED** that the Governor shall obtain the information and documents requested and supplement his responses to discovery no later than December 17, 2024.

THUS DONE in Chambers on this 25th day of November, 2024.

JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE