UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DO NO HARM | CASE NO. 24-CV-016 |
| V. | JUDGE EDWARDS |
| JOHN BEL EDWARDS | MAGISTRATE JUDGE HORNSBY |

**GOVERNOR LANDRY'S MEMORANDUM IN OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff brought suit to enjoin Governor Jeff Landry from enforcing the provisions of La. R.S. 37:1263 requiring him to make "minority" appointments to the Louisiana State Board of Medical Examiners. Plaintiffs complain that the statute offends the U.S. Constitution, particularly the Equal Protection Clause, such that Governor Landry should be enjoined from appointing members of the Board of Medical Examiners by reason of their minority status.

In response, Governor Landry filed a Motion to Dismiss for Lack of Jurisdiction on the grounds that the case is moot. Doc. 30. Governor Landry attests that he has no intention of appointing Board of Medical Examiners members based on their minority status. Doc. 22-1. The Governor does not contest that appointments grounded on minority status are inappropriate, and he declared in a court filing that he will not appoint on that basis. The matter is presently before the Court on a motion for summary judgment by the plaintiff.

When a court must dismiss a case for lack of subject matter jurisdiction, the court should not adjudicate the merits of the claim. *Stanley v. Cent. Intel. Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981). There can be no serious dispute that summary judgment operates as an effective decision on the merits. *Taylor v. McDonough,* No. 1:21-CV-294-HSO-BWR, 2024 WL

1

4544778, at *2 (S.D. Miss. Oct. 22, 2024).  The Court cannot grant summary judgment in this case because it lacks subject matter jurisdiction and must dismiss.

The case does not present a controversy between the parties for the Court to resolve.  The Court can do more than order the Governor not to do what he pledged to the Court that he will not do.  Such an order is superfluous and unnecessary.  By virtue of Governor Landry's declaration filed into the record in this case, the voluntary cessation exception applies to render the case moot. *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 395 (5th Cir. 2024), citing *Sossamon v. Lone Star State of Tex.,* 560 F. 3d 316, 325 (5th Cir 2009), aff'd on other grounds sub nom. *Sossamon v. Texas*, 563 U.S. 277 (2011).

Plaintiff sued the Governor and only the Governor – not the Louisiana State University Health Services Center at New Orleans, the Louisiana State University Health Services Center at Shreveport, the Louisiana Hospital Association, or any other nominating entity under La. R.S. 37:1263. Yet plaintiff in summary judgment essentially argues in favor of an injunction against those ancillary entities, even though he did not sue them.  Those entities can sue and be sued through their respective governing boards.  Plaintiff tries in summary judgment to include them as putative defendants in an evident attempt to save its claim from dismissal for mootness.  It is inarguable that the case against the Governor is moot.  The Governor does not intend to enforce the appointment provisions of the statue and has so declared in an attestation to the Court.  The governor cannot change his mind given that he has renounced the appointment provisions in a declaration to the Court.  He is bound by his declaration.  It is crystal clear that the alleged wrongful conduct could not reasonably be expected to occur.  *Sossamon*, supra., 325.  While demonstrating the voluntary cessation exception is a heavy burden, Governor Landry has met it.

Additionally, because Governor is not a proper *Ex parte Young* defendant at this juncture, the suit is of necessity one against the State, which is barred by sovereign immunity. For these reasons, as detailed below, the Court should dismiss the Complaint in its entirety.

## I.    LEGAL STANDARD

Article III, Sections 1 and 2 of the United States Constitution grants federal courts jurisdiction to decide "Cases" or "Controversies." As the Supreme Court has explained, "Sometimes, events in the world overtake those in the courtroom, and a complaining party manages to secure outside of litigation all the relief he might have won in it. When that happens, a federal court must dismiss the case as moot." *FBI v. Fikre*, 601 U.S. 234, 240 (2024).

A defendant's voluntary cessation of a challenged practice will render a case moot only if the defendant demonstrates that the alleged conduct "cannot 'reasonably be expected to recur.'" *Id.* at 241 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U. S. 167, 189 (2000)). This standard applies equally to governmental defendants, who, like private parties, bear the burden of showing that their actions eliminate any reasonable expectation of recurring harm.[1] Because mootness precludes the existence of a case or controversy, dismissal is mandatory where the defendant meets this burden. See *FBI v. Fikre*, 601 U.S. 234, 240 (2024).

## II.    ARGUMENT

**A. The case is moot in light of the Declaration of the Governor that he, as the sole official with appointing authority over members of the Board of Medical Examiners, will not make appointments on the basis of race or minority status**

The Declaration filed by Governor Landry eliminates any reasonable expectation that he will enforce the challenged statute in a discriminatory manner, thereby negating the injury alleged

---

[1] See *FBI v. Fikre*, 601 U.S. 234, 240 (2024); *West Virginia v. EPA*, 597 U.S. 697, 719 (2022); *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449, 457 n.1 (2017); *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719-720 (2007).

by Plaintiff and rendering this case moot under well-established principles of federal jurisdiction. A case becomes moot when the defendant can show that the alleged conduct "cannot 'reasonably be expected to recur.'" *Id.* at 241 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U. S. 167, 189 (2000)). Federal courts have consistently held that the same standard applies to governmental defendants. [2]

Governor Landry has voluntarily and unequivocally pledged to the Court that he will not enforce that portion of the statute that Plaintiff seeks to enjoin. Plaintiff's Complaint alleges that the Governor "must ensure that 'at least' two of the seats with a racial mandate are filled by 'minority' candidates during the next appointment cycle." Doc. 1. However, this argument fails as the Declaration filed by Governor Landry eliminates any reasonable expectation that the alleged discrimination will occur. Doc 22-1. In the filed Declaration, Governor Landry explicitly states that "the challenged statute in this instance… mandates the appointment of a member to the Louisiana State Board of Medical Examiners contrary to Title VI and the United States Constitution as prohibited appointment based solely on improper classifications." Doc. 22-1. Furthermore, Governor Landry affirms, "I do not intend to now or in the future appoint members to the Louisiana State Board of Medical Examiners based upon their race, national origin, or minority status." *Id*.

The Declaration is not merely a statement of intent but a sworn and official declaration under penalty of perjury. As a public official, his disavowal carries significant legal and practical weight, as any future deviation from this sworn statement could expose him to legal and reputational consequences. The Declaration affirms the Governor's view that La. R.S. 37:1263(B)

---

[2] See *FBI v. Fikre*, 601 U.S. 234, 240 (2024); *West Virginia v. EPA*, 597 U.S. 697, 719 (2022); *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449, 457 n.1 (2017); *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719-720 (2007).

violates both Title VI and the United States Constitution. Given his official statement, it would be illogical and indefensible for the Governor to reverse course and resume enforcement of the statute. The Declaration reflects Governor Landry's personal commitment and his recognition of the constitutional limits on his authority, reinforcing that any future discriminatory enforcement of La. R.S. 37:1263(B) cannot be reasonably expected to recur. This, in turn, negates the Plaintiffs' asserted injury.

The Declaration signed by Governor Landry, fully satisfies the Supreme Court's standard for dismissing a case as moot as a result of voluntary cessation. Consequently, this case is moot and dismissal of the Complaint under Rule 12(b)(1) should be granted.

**B. With no actionable claim against a state officer or official, the suit is one against the State itself that is barred by sovereign immunity**

Governor Landry has effectively removed himself from the status of a state officer empowered to enforce the contested statute, and any judgment that might be rendered would of necessity be a prohibited judgment against the State itself rather than one of the state's officers in violation of Article 11 of the U.S. Constitution and *Ex parte Young*, 209 U.S. 123 (1908).

To be a proper defendant under *Ex parte Young*, a state official must have a sufficient connection to the enforcement of the law being challenged. *Mi Familia Vota v. Ogg,* 105 F.4th 313, 325 (5th Cir. 2024). The Fifth Circuit has established "guideposts" to aid in determining what constitutes a sufficient connection. They are: (1) the state official has "more than the general duty to see that the laws of the state are implemented," *i.e.*, a "particular duty to enforce the statute in question"; (2) the state official has "a demonstrated willingness to exercise that duty"; and (3) the state official, through her conduct, "compel[s] or constrain[s persons] to obey the challenged law." *Id*. 325. Although the Governor is authorized to make Board appointments based on minority status, his commitment to the Court, as demonstrated in a Declaration in this proceeding that he

5

will not exercise said authority means that the Governor does not have a sufficient connection to the alleged portion of the statute.

The second requisite of *Mi Familia*, willingness to enforce, is not satisfied. The Governor has not demonstrated or threatened a willingness to exercise the offending portions of the statute; to the contrary, he attests that he will *not* exercise the authority granted to him by the offending provision of the statute. Governor Landry lacks a "demonstrated willingness" to enforce the challenged statute and thus is not a proper *Ex parte Young* officer for purposes of this suit. *Mi Familia Vota v. Ogg*, 105 F.4th 313, 328-329 (5th Cir. 2024).

Nor is it alleged that Governor Landry has acted in a way to compel or constrain persons to obey the challenged law. The Complaint does not complain that Governor Landry has required the Board of Medical Examiners to admit a person to sit on the Board by reason of his or her minority status. That is a far cry from conduct that constrains any third person to obey the challenged Acts or statute. Again, the Governor's Declaration precludes prospective enforcement of the challenged statute.

Governor Landry is not the proper *Ex parte Young* defendant. He lacks a sufficient enforcement connection by reason of his vow to withhold enforcement, thusmaking the State the object of the suit. Plaintiff seeks to invalidate a state statute, which goes to the heart of the administration of the State. The Amended Complaint's allegations that the Attorney General is poised to enforce the subject provisions are not plausible, and an action against the State is not permitted. Accordingly, the Court lacks jurisdiction over the subject matter of the suit. The E*x parte Young* exception to a State's sovereign immunity does not apply when the state is the real, substantial party in interest as it is here. *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011). Any judgment in this case would "expend itself on the public treasury or domain, or

interfere with public administration of the State," and invade the State's sovereignty rather than directing an officer of the state to refrain from violating a federal law. Though the statute may remain intact, no officer of the State is enforcing or threatening to enforce the statute, and the Court is barred by the 11th Amendment from entertaining the case, and *Ex parte Young* does not afford an exception to Louisiana's sovereign immunity.

*Ex parte Young* created an exception to the state's sovereign immunity to allow private citizens to sue in federal district court to prevent a state official in his or her official capacity from violating the Constitution or federal laws. The *Young* exception is a legal fiction that allows private parties to bring "suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), quoting, *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Here, a violation by the Governor as plaintiff asserts is precluded by an affirmative Declaration that he will not violate federal law by making appointments based upon a candidate's minority status. To the extent no violation of federal exists or is threatened by a public official in his official capacity, *Ex parte Young* does not permit a suit against current or future officeholders. If no suit is permitted against a current officer, a suit to enjoin future officials infringes on the administration of the state and impermissibly extends the fiction of *Ex parte Young* to allow the federal courts to exercise authority over the state.

Even if plaintiffs urge that the Constitution abrogated sovereign immunity in this instance, there must first be a constitutional right to enforce. If this Court accepts Governor Landry's pledge to refrain from enforcing the provisions challenged by the plaintiffs, there is no basis for liability under the constitution against either the State, current, or future officers. *City of Austin v. Paxton*, 997. As shown above, such a case would be moot absent a threatened enforcement action. The

7

mere existence of the statute does not suffice to satisfy the imminent threat of enforcement component required to establish a sufficient enforcement connection.

### III.  CONCLUSION

Governor Landry submits that the plaintiff's motion for summary judgment should be denied.

Dated: 2/20/25

Respectfully submitted,

**LIZ MURRILL**

**LOUISIANA ATTORNEY GENERAL**

s/ *Carey T. Jones*_____
CAREY T. JONES (#07474)
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
Post Office Box 94005
Baton Rouge, Louisiana 70804
Telephone:   (225) 326-6000
Facsimile:   (225) 326-6098
E-mail:   JonesCar@ag.louisiana.gov

*Counsel for Defendant, Jeff Landry, in his official capacity as Governor of Louisiana*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system, which sends notification of such filing to all counsel of record by electronic means.

*s/ Carey T. Jones*__
Carey T. Jones