# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DO NO HARM, a nonprofit corporation incorporated in the State of Virginia,<br><br>        Plaintiff,<br><br>v.<br><br>JEFF LANDRY, in his official capacity as Governor of Louisiana,<br><br>        Defendant. | No.: 5:24-cv-00016-JE-MLH<br><br>**Judge Jerry Edwards Jr.**<br><br>**Mag. Judge Mark L. Hornsby** |

## GOVERNOR LANDRY'S RESPONSE TO PLA STATEMENT OF UNDISPUTED MATERIAL FACTS

Governor Jeff Landry, appearing in his official capacity responds to the plaintiffs Statement of Undisputed Material Facts as shown below:

*Louisiana Board of Medical Examiners*

1. The Louisiana Board of Medical Examiners (Medical Board) is comprised of ten voting members appointed by the Governor and subject to Senate approval. La. Stat. § 37:1263(B). Of these ten seats, nine must be filled by physicians and one by a member of the public. La. Stat. § 37:1263(B).

2. All nine physician members of the Medical Board must be residents of Louisiana for at least six months, licensed and in good standing to engage in the practice of medicine in Louisiana, actively engaged in the practice of medicine, not been convicted of a felony, not been placed on probation by the Medical Board, and have had at least five years of experience in the practice of medicine in Louisiana. La. Stat. § 37:1263(C).

3. In addition to these requirements, the nine physicians are also recruited from varying backgrounds: (a) two must be appointed from a list of names submitted by the Louisiana State Medical Society, with one of these members practicing in a parish or municipality with a population of less than twenty thousand people (La. Stat. § 37:1263(B)(1)); (b) one member appointed from a list of names submitted by the Louisiana State University Health Sciences Center at New Orleans (La. Stat. § 37:1263(B)(2)); (c) one member appointed from a list submitted by the Louisiana State University Health Sciences Center at Shreveport (La. Stat. § 37:1263(B)(3)); (d) one member appointed from a list of names submitted by Tulane Medical School (La. Stat. 37:1263(B)(4)); (e) two members appointed from a list submitted by the Louisiana Medical Association (La. Stat. § 37:1263(B)(5))[1]; (f) one member from a list submitted by the Louisiana Academy of Family Practice Physicians (La. Stat. § 37:1263(B)(6)); and (g) one member appointed from a list submitted by the Louisiana Hospital Association (La. Stat. § 37:1263(B)(7)).

4. The consumer member of the Medical Board must be a citizen of the United States, a resident of Louisiana for at least one year immediately prior to appointment, have attained the age of majority, have never been licensed by any of the licensing boards identified in La. Stat. § 36:259(A), not have a spouse that has

---

[1] In a document produced by Defendant, the Louisiana Medical Association describes itself as an affiliate of the National Medical Association (NMA). Trotter Decl. ¶ 5, Ex. 5 ("The NMA is the largest and oldest national organization representing African American physicians and their patients in the United States."). The National Medical Association notes on its website that it "stands as the collective voice of African American physicians, tirelessly championing parity and justice in medicine." *See* https://nmanet.org/.

ever been licensed by a board identified in La. Stat. § 36:259(A), never been convicted of a felony, and not have or ever had a material financial interest in the healthcare profession. La. Stat. § 37:1263(C)(2).

**The Racial Mandate**

> ***Governor's Response: Racial Mandate is a Mischaracterization of the Statute. As Governor Landry understands the statute, the term "minority" could refer to national origin, race, or other minority status. The use of "racial mandate" is a pejorative term in this manner used by the pleader in lieu of the actual provisions of La. R.S. 37:1263.***

5. In 2018, the Louisiana Legislature enacted House Bill 778 (Act No. 599), which added three seats to the Medical Board, and required the Governor to ensure that "at least every other member [appointed to the Board] … shall be a minority appointee" in regard to three of the physician seats as well as the public consumer seat. *See* La Stat. § 37:1263(B)(2)–(3), (7)–(8) (Racial Mandate); Trotter Decl. ¶ 1, Ex. 1. The three physician seats subject to the Racial Mandate are those pertaining to the Louisiana State University Health Sciences Centers at New Orleans and Shreveport, and the Louisiana Hospital Association. § 37:1263(B)(2)–(3), (7).

6. When House Bill 778 was considered in the Senate Health and Welfare Committee, an amendment was offered to require the proposed new seat on the Medical Board for which the Louisiana Hospital Association submits names to the Governor to include a race-based quota. Video Recording of the Senate Health and Welfare Committee at 1:34:58 (Apr. 25, 2018).[2]

7. The bill sponsor (Representative Jackson) stated that she was contacted by minority physicians in Louisiana who complained that the Medical Board frequently lacks minority representation. *Id.*

[2] *Available at* https://senate.la.gov/s_video/videoarchive.asp?v=senate/2018/04/042518H~W_0.

8. Following these comments, Senator Claitor then asked about the then-current composition of the Medical Board and was told that two of the Board's then-seven seats were held by black women. *Id.*

9. Senator Claitor also asked how a "minority" would be defined for the purposes of the statute and was told that it would be defined the same as elsewhere in state code. *Id.*

10. Representative Jackson further explained the perceived importance of HB 778 as addressing the stated need that the Medical Board should reflect the composition of the state's physicians—a view that Senator Barrow echoed. *Id.*

11. Later that session when HB 778 was heard and debated on the Senate floor, Senator Morrell offered several amendments, including amendments to add additional seats to the Medical Board and additional seats subject to an alternating minority quota. Video Recording of Senate proceedings at 1:40:40 (May 9, 2018).[3]

12. The legislative record contains no discussion of racial discrimination, statistics, or any other alleged governmental interest that formed the basis for the Racial Mandate for appointments to the Medical Board apart from a general desire to achieve proportional representation. Trotter Decl. ¶ 1, Ex. 1; Video Recording of the Senate Health and Welfare Committee at 1:34:58 (Apr. 25, 2018); Video Recording of Senate proceedings at 1:40:40 (May 9, 2018).

---

[3] *Available at* https://senate.la.gov/s_video/videoarchive.asp?v=senate/2018/05/050918SCHAMB_0.

13. The only interest Defendant claims is advanced by the Racial Mandate is ensuring that "all segments of the population with an interest in healthcare as it impacts that discrete segment have a voice in matters and decisions of the Board." Defendant also states that "membership in a racial minority group increases the likelihood" that a person will speak with "concern about the welfare of that group." Trotter Decl. ¶ 1, Ex. 1.

> **Governor's Response: The use of "racial mandate" is a misleading and inaccurate characterization of the provisions of the subject statute. *The use of "racial mandate" is a pejorative term used by the pleader.***

14. Defendant did not use race-neutral means to achieve the identified goal of ensuring that "all segments of the population with an interest in healthcare as it impacts that discrete segment have a voice in matters and decisions of the Board." Trotter Decl. ¶ 1, Ex. 1; Def.'s Opp. to Pl.'s Mot. to Compel, ECF No. 22-1, ¶ 7.

> **Governor's Response: The use of "race" in this context is a misleading and inaccurate characterization of the provisions of the subject statute. *The use of "race" is a pejorative term used by the pleader.***

15. Because of the Racial Mandate imposed by La Stat. § 37:1263(B)(2)–(3), (7)–(8), Defendant is required to ensure that "at least" two of the seats are filled by "minority" candidates in 2026. La. Stat. § 37:1263(B); Trotter Decl. ¶¶ 3–5, Exs. 3–5.

> **Governor's Response: *The use of "racial mandate" is a misleading and inaccurate characterization of the provisions of the subject statute. The use of "racial mandate" is a pejorative term used by the pleader.***

16. Following the enactment of HB 778 and the corresponding Racial Mandate, La. Stat. § 37:1263(B)(2)–(3), (7)–(8), Governor John Bel Edwards considered race in seeking out candidates for seats on the Medical Board *See* Pl.'s Opp. to Def.'s Mot. to Dismiss, Ex. A, ECF No. 33-1; Trotter Decl. ¶¶ 1–5, Exs. 1–5.

> **Governor's Response: The use of "racial mandate" is a misleading and inaccurate characterization of the provisions of the subject statute. *The***

*use of "racial mandate" is a pejorative term used by the pleader.*

17. While Defendant claims that he does not intend to "appoint members to the Louisiana State Board of Medical Examiners based upon their race, national origin, or minority status," La. Stat. § 37:1263(B)(2)–(3), (7)–(8), remains the law and his statement does not bind future administrations. Def.'s Opp. to Pl.'s Mot. to Compel, Ex. A, ECF No. 22-1, ¶¶ 9–10; La. Stat. § 37:1263(B)(2)–(3), (7)–(8).

18. La. Stat. § 37:1263(B)(2)–(3), (7)–(8), requires Defendant to consider race when making appointments to the Medical Board—which Defendant concedes violates the United States Constitution. Def.'s Opp. to Pl.'s Mot. to Compel, Ex. A, ECF No. 22-1, ¶¶ 6–8.

> **Governor's Response: The use of "racial mandate" is a misleading an inaccurate characterization of the provisions of the subject statute.** *The use of "racial mandate" is a pejorative term used by the pleader.*

### *Do No Harm Background and Membership*

19. Plaintiff Do No Harm is a national nonprofit corporation headquartered in Glen Allen, Virginia. Rasmussen Decl. ¶ 3.

20. Do No Harm is a membership organization made up of medical professionals, students, policymakers, and other interested members of the general public. Its mission is to protect healthcare from a radical, divisive, and discriminatory ideology. Rasmussen Decl. ¶ 3.

21. Do No Harm's membership includes one or more individuals who are licensed physicians in good standing, actively engaged in the practice of medicine for at least five years, have resided in Louisiana for at least six months, and have not been placed on probation by the Medical Board nor been convicted of any felonies. Rasmussen Decl. ¶ 7.

22. Do No Harm's membership also includes one or more individuals who are at least eighteen years of age, have never been convicted of a felony, are citizens of the United States, have resided in Louisiana for more than a year, have never been licensed by any of the licensing boards identified in La. Stat. § 36:259(A), do not have and have never had a material financial interest in the healthcare profession, and do not have a spouse licensed by a board identified in La. Stat. § 36:259(A). Rasmussen Decl. ¶ 8.

23. Do No Harm has physician and consumer members who are qualified, willing, and able to be appointed to the Medical Board if the Racial Mandate is enjoined. Rasmussen Decl. ¶ 6.

24. Notwithstanding Defendant's declaration, the Racial Mandate prevents these members from equal consideration for appointment to the Medical Board because La. Stat. § 37:1263(B)(2)–(3), (7)–(8), remains the law. *See* La. Stat. § 37:1263(B).

> **Governor's Response: The use of "racial mandate" is a misleading and inaccurate characterization of the provisions of the subject statute.** *The use of "racial mandate" is a pejorative term used by the pleader.*

25. Notwithstanding Defendant's declaration, the Racial Mandate still forces entities like the Louisiana State University Health Sciences Center at New Orleans, the Louisiana State University Health Sciences Center at Shreveport, and the Louisiana Hospital Association to discriminate. Defendant is required to make his race-based appointments to the Medical Board from the race-based recommendations submitted by these entities. La. Stat. § 37:1263(B)(2)–(3), (7)–(8).

> **Governor's Response: The use of "racial mandate" is a misleading and inaccurate characterization of the provisions of the subject statute.** The use of "racial mandate" is a pejorative term used by the pleader.

DATED: February 20, 2025.

Respectfully submitted,

**LIZ MURRILL**
**LOUISIANA ATTORNEY GENERAL**

s/ *Carey T. Jones*
CAREY T. JONES (#07474)
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
Post Office Box 94005
Baton Rouge, Louisiana 70804
Telephone:  (225) 326-6000
Facsimile:  (225) 326-6098
E-mail:  JonesCar@ag.louisiana.gov

*Counsel for Defendant, Jeff Landry, in his official capacity as Governor of Louisiana*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system, which sends notification of such filing to all counsel of record by electronic means.

*s/ Carey T. Jones*
Carey T. Jones