UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DO NO HARM, a nonprofit corporation incorporated in the State of Virginia,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana,<br><br>      Defendant. | No.: 5:24-cv-00016-JE-MLH |

**DECLARATION OF JEFF LANDRY, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF LOUISIANA**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. My name if Jeff Landry.

2. I currently hold the office of Governor of the State of Louisiana, having been elected on October 14, 2023, and took office at noon on January 8, 2024.

3. My predecessor in office, John Bel Edwards, served as Louisiana Governor from 2016 until my inauguration in 2024.

4. I am now a defendant in this case by operation of Rule 25(d) of the Federal Rules of Civil Procedure substituting the current officeholder as the successor to the officer named in the original Complaint.

5. I am aware that this suit challenges appointments to the Louisiana State Board of Medical Examiners under La. R.S. 37:1263(B), which requires the

EXHIBIT A

appointment of minority candidates from a list provided by designated universities, the Louisiana Hospital Association, and a consumer member.

6. The term "minority" as commonly understood in the context of in the distribution and benefits of government connotes race, national origin, or minority status, and the challenged statute in this instance thus mandates the appointment of a member of the Louisiana State Board of Medical Examiners contrary to Title VI and the United States Constitution as prohibited appointments based solely on improper classifications. *See Johnson v. California*, 543 U.S. 499, 505, 125 S. Ct. 1141, 1146, 160 L. Ed. 2d 949 (2005).

7. While the goal of the legislature in enacting the subject statute may well have been laudable and well-intended, I regard the appointment of officials based upon their race, national origin, or minority status as constitutionally impermissible in light of recent jurisprudence coming out of the United States Supreme Court. *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 600 U.S. 181 (2023); *See also Lewis v. Ascension Par. Sch. Bd.*, 996 F. Supp. 2d 450, 461 (M.D. La. 2014).

8. Any official action that treats a person differently on account of his race or ethnic origin is inherently suspect and should not be indulged. *Fisher v. University of Texas at Austin*, 570 U.S. 297 (2013).

9. Accordingly, I do not intend to now or in the future appoint members to the Louisiana State Board of Medical Examiners based upon their race, national origin, or minority status.

10. Rather, I intend to and will appoint members who I deem best qualified to represent the health care community and who otherwise meet the terms of La. R.S. 37:1263(B).

11. I have no knowledge of and cannot attest to the method of selecting members of the Louisiana State Board of Medical Examiners by John Bel Edwards as my predecessor in office, but to the extent the appointments were based on race, national origin, or minority status I did not participate in or advise in the appointments and will not enforce the subject statute in that regard.

12. To the best of my knowledge, the records of the John Bel Edwards administration that might contain documents or information relating to the appointment of members to the Louisiana State Board of Medical Examiners were boxed and moved to the Louisiana State Archives under the custody and control of the Secretary of State and as such are available to the public, subject to the limitations established by La. R.S. 44:5.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, belief, and understanding.

Executed this 26th day of August, 2024.

_____
Jeff Landry
Governor of the State of Louisiana