IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DO NO HARM, a nonprofit corporation incorporated in the State of Virginia,<br><br>Plaintiff,<br><br>v.<br><br>JEFF LANDRY, in his official capacity as Governor of Louisiana,<br><br>Defendant. | No. 5:24-cv-00016-JE-MLH<br><br>**Judge Edwards**<br>**Magistrate Judge Hornsby** |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Although Defendant takes exception to Plaintiff Do No Harm's characterization of La Stat. § 37:1263(B)(2)–(3), (7)–(8), as a "Racial Mandate," Def. Resp. to Pltf.'s Statement of Undisputed Material Facts, ECF No. 39-2 at 3–7, he does not dispute any material fact that would stop this Court from granting summary judgment to Do No Harm. *See id.* Nor does Defendant even defend the constitutionality of § 37:1263(B)(2)–(3), (7)–(8). Def. Opp. to Pltf.'s Mot. for Summ. Judgment, ECF No. 39 at 1–5. Accordingly, the unconstitutionality of the Racial Mandate is conceded. *See* Fed. R. Civ. P. 56(e); *Cargo v. Kansas City S. Ry. Co.*, No. 5:05-CV-02010, 2012 WL 1567166, at *1 (W.D. La. May 1, 2012). Not that it could be seriously disputed anyway. The Racial Mandate is blatantly unconstitutional and it discriminates against Plaintiff's members because of their skin color. *See* Pltf.'s Mot. for Summ. Judgment, ECF No. 34-1 at 4–7, 10–12.

Rather than defend the statute, Defendant repeats the arguments he raised in his belated motion to dismiss. *See* Def. Mot. to Dismiss, ECF No. 30; Def. Opp. to Pltf.'s Mot. for Summ. Judgment, ECF No. 39. Specifically, he reargues that: (1) the case is moot in light of his declaration that he promises not to enforce the law, and (2) the case is barred by sovereign immunity. Defendant is wrong on both counts.[1]

## ARGUMENT

### I. The Racial Mandate Is the Law of Louisiana—A Non-binding Declaration Does Not Moot the Case

Voluntary cessation does not deprive a federal court of its "power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Env. Servs., Inc.*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). Defendant has a "heavy burden" to make "'it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Laidlaw*, 528 U.S. at 189 (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)). Defendant's declaration could not meet this burden as a matter of law.

While Defendant declares his intention not to follow the unconstitutional law, Def. Opp. to Pltf.'s Mot. for Summ. Judgment, Ex. A, ECF No. 39-3, the Racial Mandate is the law of Louisiana—a fact undisputed by Defendant. *See generally* Def. Opp. to Pltf.'s Mot. for Summ. Judgment, ECF No. 39. This lawsuit challenges the

---

[1] Rather than repeat Plaintiff's full arguments that this case is not moot or barred by sovereign immunity set out in Plaintiff's Opposition to Defendant's Motion to Dismiss, ECF No. 33, Plaintiff incorporates those arguments here in summary fashion and responds to the few points newly raised by Defendant.

2

constitutionality of that state statute and not merely an ad hoc policy the Governor can, in his discretion, choose to enforce. Short of signing a bill repealing the law, nothing Defendant declares to this Court can render this lawsuit—challenging the constitutionality of a duly enacted statute—"moot." *See Weeks v. Connick*, 733 F. Supp. 1036, 1037 (E.D. La. 1990) (citing *Diffenderfer v. Central Baptist Church*, 404 U.S. 412, 414–15 (1972)).

Governor Landry's "personal commitment" to treat individuals equally with respect to race ought to be lauded and commended. But the individual holding the power of the *office of the Governor* is required by Louisiana law to discriminate on the basis of race. That the unconstitutional law was signed by the prior Governor does not alleviate future governors of their duty to enforce it. It is the law of Louisiana.

Nor does Defendant cite any supporting authority for his claim that he "cannot change his mind" and that he is bound by his declaration when it comes to enforcing the Racial Mandate in the future. Def. Opp. to Pltf.'s Mot. for Summ. Judgment, ECF No. 39 at 2–5. His personal commitment does not change the reality that his appointments are still subject to Senate confirmation. Furthermore, his intentions today have zero impact on future administrations. Absent an injunction, the Racial Mandate and its discriminatory framework will continue to operate—hardly a situation where "the alleged wrongful conduct could not reasonably be expected to occur." Def. Opp. to Pltf.'s Mot. for Summ. Judgment, ECF No. 39 at 2. *See also Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 833 (5th Cir. 2023); *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004).

Moreover, contrary to Defendant's claims, Def. Opp. to Pltf.'s Mot. for Summ. Judgment, ECF No. 39 at 2, Do No Harm does not seek an injunction against "ancillary entities" or to include them as "putative defendants." The challenged statute mandates that the Governor will continue to receive race-curated recommendations from the Louisiana State University Health Sciences Centers at New Orleans and Shreveport, as well as from the Louisiana Hospital Association. The best intentions of the Governor cannot change the reality that so long as the Racial Mandate remains law, government-mandated discrimination will continue to occur in Louisiana. § 37:1263(B)(2)–(3), (7)–(8); Pltf.'s Statement of Undisputed Material Facts, ECF No. 35 ¶¶ 3, 25. Only if the Racial Mandate is declared unconstitutional and its enforcement enjoined will equality before the law be realized in appointments to the Louisiana Board of Medical Examiners.

## II. Defendant Is Responsible for Making Appointments to the Louisiana Board of Medical Examiners

The Defendant does not possess sovereign immunity to suit; Do No Harm has plainly satisfied the *Ex parte Young* factors. The Governor is (1) sued in his official capacity, (2) for violating federal law, and (3) Do No Harm seeks prospective declaratory and injunctive relief. *See Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020) (en banc). Defendant does not dispute this, but nevertheless argues he is not the proper defendant under *Ex parte Young*. Def. Opp. to Pltf.'s Mot. for Summ. Judgment, ECF No. 39 at 5–8 (citing *Mi Familia Vota v. Ogg*, 105 F.4th 313, 325 (5th Cir. 2024)).

In *Mi Familia*, the Fifth Circuit explained that to be a proper defendant under *Ex parte Young*, the named defendant must: (1) have more than a general duty to enforce the statute in question; (2) have a demonstrated willingness to perform that duty; and, (3) the state official compels others to obey the law. As to the first factor, both parties agree that the Governor is required to "make Board appointments based on minority status." *See* Def. Opp. to Pltf.'s Mot. for Summ. Judgment, ECF No. 39 at 5. For that matter, the Governor isn't just *a* state official "named in the statute in question," he's the *only* one. *City of Austin v. Paxton*, 943 F.3d 993, 998 (5th Cir. 2019).

As to the second factor, Defendant has not "removed himself" from being legally required to enforce the Racial Mandate.[2] Def. Opp. to Pltf.'s Mot. for Summ. Judgment, ECF No. 39 at 5. The error he makes is assuming his *personal* belief in equality removes him from his *official* duty to discriminate under Louisiana law. The *Governor of Louisiana*, in his or her official capacity, has demonstrated a willingness to enforce this law. That office has an *obligation* to do so. Indeed, this is a relatively newly enacted law. It was passed by the Louisiana Legislature and signed by Governor Bel Edwards in 2018. Pltf.'s Statement of Undisputed Material Facts, ECF No. 35 ¶ 5. The prior administration openly enforced it—as they are required to do by law. Pltf.'s Opp. to Def. Mot. to Dismiss, Ex. A, ECF No. 33-1 at 1–14.

---

[2] Defendant notes on page 6 of his opposition that "[T]he Amended Complaint's allegations that the Attorney General is poised to enforce the subject provisions are not plausible, and an action against the State is not permitted." This is confusing. Do No Harm has not filed an Amended Complaint in this lawsuit nor made any such allegation about the Attorney General.

5

With respect to the third factor, this Defendant—and only this Defendant—is required to make appointments to the Board of Medical Examiners in line with the Racial Mandate, and the Louisiana Senate is compelled to consider only Defendant's minority appointments at the proscribed interval and is constrained in considering nonminority appointments. *See* § 37:1263(B)(2)–(3), (7)–(8); Pltf.'s Opp. to Def.'s Mot. to Dismiss, ECF No. 33 at 8–10.

Defendant's office therefore "compel[s] … persons to obey the challenged law." The statute does not afford the Governor discretion, and he cannot unilaterally create that discretion in violation of Louisiana law. Moreover, the Racial Mandate doesn't give the Board of Medical Examiners the authority to make or refuse Defendant's appointments. The Racial Mandate clearly delineates the groups and race-based recommendations Defendant is to consider when making appointments to the Board. § 37:1263(B)(2)–(3), (7)–(8).

This case is far afield from those *Ex parte Young* cases where there is confusion as to which official is responsible for enforcing a statute or textual vagueness or where multiple parties are responsible for enforcement. *See, e.g.*, *Mi Familia Vota*, 105 F.4th at 328–29 (governor, attorney general, and local district attorneys all have enforcement responsibility over election integrity laws); *City of Austin*, 943 F.3d at 993 (governor, attorney general, and workforce commission have different interrelated authority over housing law); *Texas All. for Retired Americans v. Scott*, 28 F.4th 669, 670 (5th Cir. 2022) (secretary of state sued over voting laws enforced by other branches of government). Here, there is one statute, and it expressly directs the

6

Governor—and only the Governor—to appoint individuals to the Board of Medical Examiners on the basis of race. It's not confusing. It's not even disputed.

None of the Fifth Circuit's cases have anything to do with a proper official disavowing his legally mandated obligation to enforce state law. That is not—and has never been—a recognized defense to a Section 1983 suit.[3] Defendant's attempt to shoehorn his disavowal into that exception fails as a matter of law.

## CONCLUSION

This Court should grant Plaintiff's Motion for Summary Judgment.

DATED: February 27, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ James S. C. Baehr* | */s/ Laura M. D'Agostino* |
| James S. C. Baehr | Laura M. D'Agostino, Va. Bar No. 91556* |
| La. Bar No. 35431 | *Trial Attorney* |
| *Local Counsel* | PACIFIC LEGAL FOUNDATION |
| BAEHR LAW | 3100 Clarendon Boulevard, Suite 1000 |
| 609 Metairie Rd., #8162 | Arlington, VA 22201 |
| Metairie, LA 70005 | Telephone: (202) 888-6881 |
| Telephone: (504) 475-8407 | Fax: (916) 419-7747 |
| Fax: (504) 828-3297 | LDAgostino@pacificlegal.org |
| james@baehr.law | |

---

[3] The repercussions of such a holding would be vast. First, it would completely undercut the "voluntary cessation" doctrine. If government officials could simply disavow enforcement and invoke sovereign immunity, there would no longer be "a heavy burden" to show unlikelihood of future enforcement. There would be no burden at all. Second, unconstitutional laws could be enforced randomly and perpetually. Take this case. If the Governor's statement that he will not enforce the unconstitutional statute suffices to invoke sovereign immunity, then the law will continue to mandate discrimination by the Louisiana State University Health Sciences Centers at New Orleans and Shreveport, as well as from the Louisiana Hospital Association. Worse, the next governor could—in fact he or she would be obligated to—continue discriminating. And even with respect to this Governor, nothing precludes him from changing his mind tomorrow. Sovereign immunity isn't a cheat code that allows such unconstitutional gamesmanship.

                    Caleb R. Trotter, Cal. Bar No. 305195*
                    PACIFIC LEGAL FOUNDATION
                    555 Capitol Mall, Suite 1290
                    Sacramento, CA 95814
                    Telephone: (916) 419-7111
                    Fax: (916) 419-7747
                    CTrotter@pacificlegal.org

*pro hac vice*

*Attorneys for Plaintiff Do No Harm*

## CERTIFICATE OF SERVICE

  I hereby certify that on February 27, 2025, I presented the foregoing document to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Carey T. Jones
Alicia Edmond Wheeler
Amanda M. LaGroue
Assistant Attorneys General
Louisiana Dept. of Justice
P.O. Box 94005
Baton Rouge, LA 70802
JonesCar@ag.louisiana.gov
WheelerA@ag.louisiana.gov
LaGroueA@ag.louisiana.gov
*Counsel for Defendant*

               */s/ Laura M. D'Agostino*
               Laura M. D'Agostino