UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **DO NO HARM** | **CIVIL ACTION NO. 24-16** |
| **VERSUS** | **JUDGE EDWARDS** |
| **JOHN BEL EDWARDS** | **MAG. JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss (ECF No. 30), filed by the defendant, Jeff Landry, in his official capacity as the Governor of Louisiana ("Governor Landry"). Also before the Court is a Motion for Summary Judgment (ECF No. 34), filed by the plaintiff, Do No Harm. Both motions are fully briefed. *See* ECF Nos. 33, 39 & 40.

After careful consideration of the parties' memoranda and the applicable law, the Motion to Dismiss is **GRANTED**, and the Motion for Summary Judgment is **DENIED** as **MOOT**.

### I.   BACKGROUND

In the wake of *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181 (2023), Do No Harm brings the instant suit challenging the consideration of race in appointing members to the Louisiana State Board of Medical Examiners (the "Board"). *See* ECF No. 1; ECF No. 34-1 at 20. More specifically, Do No Harm contends that La. Rev. Stat. § 37:1263(B) is unconstitutional, as it requires a certain number of "minority appointee[s]" to be appointed to the Board. *See* ECF No. 1 at 5. Do No Harm asserts that it has "members who are qualified" but prevented from serving on the Board by this "racial mandate"—unless we enjoin its enforcement. *See id.* at 6.

Governor Landry filed the instant Motion to Dismiss on two bases—both stemming from his Declaration that he would not consider minority status in his appointments to the Board. *See* ECF No. 30; ECF No. 22-1. First, Governor Landry contends that the case should be dismissed as moot because he will not enforce the statute. *See* ECF No. 30-1 at 2–3. Second, he contends that he is not a proper defendant under *Ex parte Young*, 209 U.S. 123 (1908). *See id.* at 4–5. As this case rises and falls on these points, and as the parties' briefing on summary judgment devolved into re-briefing these issues, the Court will skip ahead and limit its following analysis thereto.

## II.    LAW AND ANALYSIS

Because Governor Landry has demonstrated that he will not enforce the challenged statute, *see* ECF No. 22-1, he is not a proper defendant under *Ex Parte Young*, and this suit cannot be maintained.

"Generally, state sovereign immunity precludes suits against state officials in their official capacities." *Texas Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020). The legal fiction of *Ex parte Young*, however, provides an "exception to Eleventh Amendment sovereign immunity" in the subset of cases to which it applies. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). The exception permits federal courts to enjoin prospective unconstitutional conduct by "individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature." *Ex parte Young*, 209 U.S. at 155–56.

The *Ex parte Young* exception has three requirements: "(1) A plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective." *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020) (*en banc*) (quotation marks and citations omitted). Governor Landry does not dispute that Do No Harm meets these general requirements. Instead, the parties dispute whether Governor Landry is the correct defendant.

To be a proper defendant under *Ex parte Young*, a state official "must have some connection with the enforcement of" the law being challenged. *Ex parte Young*, 209 U.S. at 157. There are "guideposts" to aid the decision. *Texas All. for Retired Ams. v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022). They are: (1) the state official has "more than the general duty to see that the laws of the state are implemented," *i.e.*, a "particular duty to enforce the statute in question"; (2) the state official has "a demonstrated willingness to exercise that duty"; and (3) the state official, through her conduct, "compel[s] or constrain[s persons] to obey the challenged law." *Id.* (quotation marks and citation omitted).

As for the first guidepost, it is undisputed that Governor Landry is the only state official who may appoint members of the Board. *See* ECF No. 30-1 at 4. Nevertheless, "we need not define the outer bounds of [...] *Ex parte Young* [...] today." *City of Austin*, 943 F.3d at 1000. "Instead, we analyze our other [...] guideposts to confirm our conclusion that [Governor Landry] is not the proper *Ex parte Young* defendant." *Mi Familia Vota v. Ogg,* 105 F.4th 313, 329 (5th Cir. 2024).

3

As for the second guidepost, Governor Landry "has taken no action with respect to the [statute] challenged by [Do No Harm]." *Mi Familia Vota,* 105 F.4th at 330. Rather, Governor Landry has declared that he will never appoint Board members on the basis of their race. *See* ECF No. 22-1. "To determine whether an official has demonstrated a willingness to enforce a challenged statute, we consider the prior or contemporaneous affirmative acts of the named official." *Mi Familia Vota,* 105 F.4th at 330. "This is consistent with *Ex parte Young*'s foundational requirement that a violation of federal law be *ongoing*." *Id.* (citation omitted). In this context, the Fifth Circuit has found an agreement by the state official not to enforce the challenged statutory provision during the pendency of litigation to be sufficient to escape *Ex Parte Young*'s grasp. *See Mi Familia Vota,* 105 F.4th at 330–31. Here, we have the paramount state official declaring that he will not enforce the challenged statutory provision, *not ever*. Accordingly, the second guidepost demonstrates that Governor Landry is not a proper defendant under *Ex parte Young*.

The third guidepost is somewhat ill-fit to this context, because Governor Landry's enforcement of the law could only compel or constrain himself—it is not a statute that imposes criminality or liability. Ultimately, "the mere fact that the [state official] *has* the authority to enforce [the challenged statute] cannot be said to 'constrain'" the party challenging the statute. *City of Austin*, 943 F.3d at 1001 (emphasis in original). As explained above, because Governor Landry "neither enforced the challenged statute […] nor threatened to do so," this third guidepost merely bolsters the second guidepost's instruction—Governor Landry is unsuitable as a defendant. *See Mi Familia Vota,* 105 F.4th at 332–33.

4

Do No Harm decries this result as the product of "unconstitutional gamesmanship." *See* ECF No. 40 at 7, n.3. *Ex Parte Young* gamesmanship is all the rage these days. *See Mi Familia Vota*, 105 F.4th at 333 (explaining that the use of *Ex Parte Young* to find that "no valid officer can be sued to provide relief from constitutional violations" is not absurd, despite plaintiffs' protests); *see also Whole Woman's Health v. Jackson,* 595 U.S. 30, 59–62 (2021) (Roberts, C.J., joined by Breyer, Sotomayor, & Kagan, JJ., concurring in the judgment in part and dissenting in part) (explaining that Texas S.B. 8 was crafted to evade judicial review, and succeeded, in part by frustrating *Ex Parte Young*); *see also id.* at 62–73 (Sotomayor, J., joined by Breyer & Kagan, JJ., concurring in the judgment in part and dissenting in part) (explaining same, further). If it's okay with the Fifth Circuit and the Supreme Court, it's okay with us. *See id.* Accordingly, the Court finds Governor Landry to be an improper *Ex Parte Young* defendant and otherwise unsusceptible to suit in the present matter. *See* U.S. Const. amend. 11.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss (ECF No. 30) is **GRANTED**. This case is **DISMISSED** without prejudice for want of a proper defendant. Accordingly, the Motion for Summary Judgment (ECF No. 39) is **DENIED** as **MOOT**.

**THUS DONE AND SIGNED** this 29th day of September, 2025.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE

5